IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

LIT SLATER,                                  )
                                             )
            Plaintiff,                       )
                                             )
      v.                                     )   Case No. 6:10-cv-03385-NKL
                                             )
MICHAEL J. ASTRUE,                           )
Commissioner of Social Security,             )
                                             )
            Defendant.                       )

**ORDER**

Pending before the Court is Plaintiff Lit Slater's ("Slater") Social Security

Complaint [Doc. # 1]. Slater seeks judicial review of the Social Security Commissioner's

("Commissioner") denial of her request for disability insurance benefits under Title II of

the Social Security Act ("Act"), 42 U.S.C. §§ 401, *et seq.* The Administrative Law Judge

("ALJ") found that Slater was not entitled to benefits and such determination became the

final decision of the Commissioner when the Appeals Council of the Social Security

Administration ("Appeals Council") denied Slater's request for review. Slater has

exhausted her administrative remedies, and jurisdiction is conferred on this Court

pursuant to 42 U.S.C. § 405(g). For the following reasons the Court finds that the ALJ's

decision is not supported by substantial evidence and remands the case for further

consideration.

I.      **Background**

## A.    Factual and Procedural History[1]

Slater, who grew up and lived in Thailand until age eighteen, attended school until the fourth grade. [Tr. 33]. She has never done any work activity other than being a cook. Slater filed an application for disability insurance benefits on February 9, 2006, claiming she became disabled on August 31, 2001 [Tr. 88], due to "Migratory arthrolgias, diabetes, severe leg arm pain." [Tr. 104]. On February 5, 2008, following an evidentiary hearing, the ALJ issued a written decision finding that Slater was not disabled "at any time from August 31, 2001, the alleged onset date, through December 31, 2006, the date last insured." [Tr. 23]. After the Appeals Council denied Slater's request for additional administrative review of the ALJ's decision, Slater sought review by the Court.

Slater was age 56 as of the date of the hearing. An interpreter of Thai was sworn in to assist Slater during the hearing. Slater was able to answer most of the ALJ's questions on her own, but needed interpretive assistance when asked "how far did you go in school?" Slater testified that she stopped working because her hip, leg, and shoulder "hurt" as she stood on her feet too much. [Tr. 34]. She had worked for two different mess halls for a total of nineteen years at Fort Leonard Wood: she did "KP" for ten years, and was a cook for nine years. [Tr. 37]. Slater also testified that she could not read a newspaper in English, her husband wrote checks for her, and she had failed her written driver's test three times, only passing when questions were read to her. Slater's husband

---

[1] The complete facts and arguments are presented in the parties' briefs and will be duplicated here only to the extent necessary. Portions of the parties' briefs are adopted without quotation designated.

testified that he manages all of their bills, reads Slater's mail for her, makes her doctor appointments, and attends all of her doctor appointments to assist her with "what the doctor is trying to tell her." [Tr. 41]. Slater's husband also completed her disability application for her. [Tr. 120]. Slater noted in her application that she has a hard time writing out English words. [Tr. 116].

According to Slater's disability report, she described her job as: "Cook for lunch and dinner. Serving around 1200 military trainees. I did everything from food prep to the meals. I did a lot of lifting and carrying things. I also was on my feet the entire time." [Tr. 105]. She also indicated that she did not use machines, tools, or equipment; did not use technical knowledge or skills; nor did she do any writing, complete reports, or perform other similar duties. [Tr. 105]. Slater also testified that she did not read on the job. [Tr. 38]. Based on Slater's description of her previous employment, the vocational expert described Slater's past work as that of an "institutional cook," which is a skilled job at the medium physical demand level. According to the vocational expert, "[t]he skills are very specific to the trade of being a cook." [Tr. 44]. He stated that an individual of Slater's age, education, and work experience would not have any transferable skills to jobs at the sedentary level. However, he asserted that Slater would have transferable skills to the job of short-order cook, which requires light exertion. The vocational expert testified that a short-order cook is "considered to be semi-skilled," and is generally performed at a counter in an informal setting with a "smaller type of menu." [Tr. 44]. The job would "deal[] more with sandwiches." [Tr. 44].

The DOT number for the short-order cook position described by the vocational expert was 313.374-014. [Tr. 45-46]. The DOT description of the position is: "Prepares food and serves restaurant patrons at counters or tables: Takes order from customer and cooks foods requiring short preparation time, according to customer requirements. Completes order from steamtable and serves customer at table or counter. Accepts payment and makes change, or writes charge slip. Carves meats, makes sandwiches, and brews coffee. May clean food preparation equipment and work area. May clean counter or tables." DOT 313.374-014.

## B.    The ALJ's Decision

To establish her entitlement to benefits, Slater must have shown that she was unable to engage in any substantial gainful activity by reason of a medically determinable impairment or combination of impairments which could be expected to end in death or to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d) (2006). For the purposes of the Act, Slater was not under a "disability" unless her impairment was so severe that she was unable to do her previous work or–any other kind of substantial gainful work which existed in the national economy. *Id.* The ALJ found that Slater did not meet this burden at any time from August 31, 2001 through December 31, 2006.

The ALJ found that Slater had some severe impairments: diabetes mellitus, asthma, liver disease, and a history of alcohol abuse. [Tr. 12]. *See* 20 C.F.R. 404.1520(c). The ALJ further found that Slater "had the residual functional capacity to

perform the full range of light work" [Tr. 17], but stated that she had a "limited education in Thailand and reportedly is limited for communicating in English." [Tr. 21].

Although the ALJ found that Slater could not perform past relevant work as an institutional cook, he did find that she had acquired work skills from past relevant work, which were transferable to other occupations with jobs existing in significant numbers in the national economy. [Tr. 22]. The ALJ specifically cited to the vocational expert's testimony that Slater's past relevant work as an institutional cook was "medium and skilled" with "skills specific to the trade of being a cook." [Tr. 22].

Slater raises only one argument on appeal. She asserts that the ALJ's decision is not supported by substantial evidence because the ALJ improperly found that Slater had transferable skills from her prior employment.

## II.    Discussion

In reviewing the Commissioner's denial of benefits, this Court considers whether the ALJ's decision is supported by substantial evidence on the record as a whole. *See Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). "Substantial evidence is evidence that a reasonable mind would find adequate to support the ALJ's conclusion." *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007). The Court will uphold the denial of benefits so long as the ALJ's decision falls within the available "zone of choice." *See Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007). "An ALJ's decision is not outside the 'zone of choice' simply because [the Court] might have reached a different conclusion had [it] been the initial finder of fact." *Id.* (quoting *Nicola*, 480 F.3d at 886).

Slater urges the Court to reverse the ALJ's decision because she contends that the evidence shows that "she did not perform her prior job in a skilled manner" and was "not capable of skilled employment or skilled oral or written communication in English." [Doc. # 13, at 16].

On the date last insured, Slater was age 55, which is defined as an individual of advanced age. *See* 20 C.F.R. §§ 404.1563. Because the ALJ found that Slater's severe impairments limited her to no more than light work, the ALJ was required to apply 20 C.F.R. §§ 404.1568(d)(1)-(3) . *See* 20 C.F.R. §§ 404.1568(d)(4). These regulations require the ALJ to consider whether the activities of Slater's past skilled or semi-skilled work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs. At the hearing, the vocational expert testified that Slater's transferable skills were those "specific to the trade of being a cook." The ALJ relied on this testimony to conclude that the skills acquired by Slater when she worked in mess halls were transferable to the job of short-order cook.

The Court finds that there is not substantial evidence in the record to demonstrate that Slater's acquired work skills from her job doing "KP" or cooking at Fort Leonard Wood allow her to perform the job of short-order cook. This is because Slater lacks sufficient English language skills.

The DOT description for "cook, short order" requires the worker to "[t]ake[] order from customers" and to "[a]ccept[] payment and make[] change, or write[] charge slip." DOT 313.374-014. It appears that the job of short-order cook requires the worker to be

sufficiently literate in English to converse with the customer and to "take" their order and fulfill it to the customer's expectations. The record is unclear as to the specific language requirements of the position, as the ALJ did not question whether the vocational expert accounted for Slater's limited ability to communicate in English when the expert testified that a significant number of short-order cook positions existed in the national economy for Slater. The Court observes that although Slater managed to communicate orally with the ALJ during most of the hearing, she is unable to read a newspaper written in English, she failed a written driver's test multiple times and only passed when it was given to her orally, she has a difficult time writing out English words, her husband reads all of her mail to her, and her husband also completed her Social Security disability application for her. Moreover, Slater attended school in Thailand only until grade four and did not attend any school after arriving in the United States at age eighteen. The Court finds no evidence in the record, nor does the ALJ point to any, that Slater can read and write English sufficiently to perform the job of short-order cook.

Because the record is unclear as to what specific skills Slater acquired from her past relevant work, and because there is not substantial record evidence that Slater can perform the job of short order cook, the case is remanded to the ALJ for further consideration.

### III.    Conclusion

Accordingly, it is hereby ORDERED that Lit Slater's Petition [Doc. # 1] is

reversed and remanded to the ALJ for further consideration in accord with this order.

 s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  July 1, 2011
Jefferson City, Missouri